IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-3326-D

| | | |
|---|---|---|
| GREGORY SUNDAY HAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PERT TEAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 27, 2023, Gregory Sunday Hay ("Hay" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983, alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights [D.E. 1, 2, 5]. As explained below, the court allows the action to proceed in part.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–83 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Hay is incarcerated at Granville Correctional Institution, where the allegations of his complaint arose. See Compl. [D.E. 1] 2, 5. Hay alleges that on June 1, 2023, four John Doe correctional officers assaulted him while defendants Cooper and Greenwood "watched and allowed this to happen." Id. at 5. Hay also names an assistant warden (Walker) as a defendant and alleges without elaboration that Walker "is also responsible for allowing the assault on me to happen." Id. Hay seeks injunctive relief and monetary damages. See id. at 8.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, because the doctrine of respondeat superior does not apply to section 1983 claims, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676–77; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Hay's claims concerning the use of force incident against defendants Cooper, Greenwood, and the four John Doe officers are not clearly frivolous.[1] As for defendant Walker, Hay does not allege that Walker was personally involved in the use of force incident. The doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 556 U.S. at 676–77; Monell, 436 U.S. at 691–94; King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023); Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Instead, where a defendant is sued on the basis of supervisory liability, "[a] plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Carter, 164 F.3d at 221 (quotations omitted); see King, 76 F.4th at 269; Shaw, 13 F.3d at 799. Hay has not alleged facts sufficient to state a claim against Walker based on supervisory liability. Thus, the court dismisses defendant Walker.

## II.

In sum, plaintiff may proceed with his Eighth Amendment claims concerning the use of force incident against defendants Cooper, Greenwood, and the four John Doe officers. The court DISMISSES defendant Walker. The court ORDERS as follows:

1.   The clerk shall CONTINUE management of the action pursuant to Standing Order 14-SO-02 and issue waivers of service for defendants Cooper and Greenwood. The court STAYS service on the four John Doe officers until Hay identifies them.

---

[1] Hay has sufficiently described the John Doe defendants such that they may be identified during discovery. See, e.g., Schiff v. Kennedy, 691 F.2d 196, 197–98 (4th Cir. 1982); see also Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 2000 WL 903896, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision). The court declines to issue summons on the John Doe defendants until after Hay identifies the defendants.

3

2.   If service against any defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This _1_ day of February, 2024.

                                                                        JAMES C. DEVER III
                                                                       United States District Judge