IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-3326-D

| | | |
|---|---|---|
| GREGORY SUNDAY HAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J. GREENWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 27, 2023, Gregory Sunday Hay ("Hay" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. Hay alleges that on June 1, 2023, four John Doe correctional officers assaulted him while defendants Billy Cooper Jr. ("Cooper") and Joshua Greenwood ("Greenwood") "watched and allowed [it] to happen." Compl. [D.E. 1] 5. On February 1, 2024, the court reviewed the complaint under 28 U.S.C. § 1915A, dismissed one defendant, allowed the remainder of the action to proceed, but stayed service of process on the four John Doe defendants in order to allow Hay to use discovery to identify them. See [D.E. 6]. On October 15, 2024, the court reopened discovery to give Hay another opportunity to name the four John Doe defendants. See [D.E. 35]. On December 6, 2024, when Hay did not respond to the court's order, the court dismissed the four John Doe defendants [D.E. 36].

Cooper and Greenwood, the two remaining defendants, moved for summary judgment [D.E. 38], filed a memorandum in support [D.E. 41], statement of material facts [D.E. 39], and an appendix of exhibits [D.E. 40]. On January 27, 2025, the court notified Hay about the motion for

summary judgment, the consequences of failing to respond, and the response deadline [D.E. 42]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On February 24, 2025, Hay responded in opposition [D.E. 43], filed a statement of material facts [D.E. 43-1], appendix [D.E. 43-2], and a declaration [D.E. 44]. On February 26, 2025, defendants replied [D.E. 45]. As explained below, the court grants defendants' motion for summary judgment.

I.

On June 1, 2023, "a Prison Emergency Response Team ('PERT') assembled to conduct routine cell searches in" Hay's housing unit. DSMF [D.E. 39] ¶¶ 3–4 (mistyping the date as June 3, 2023); see [D.E. 44] ¶ 4. More than 100 PERT members attended in order "to facilitate the cell search[,]" and "were split into teams of three to four members[.]" [D.E. 40-1] ¶ 5; DSMF ¶ 5; cf. [D.E. 44] ¶ 9. The cell search required Hay to be restrained and removed from his cell. Compare DSMF ¶ 6, with [D.E. 44] ¶ 5.

Hay did not immediately comply with PERT officers' orders to submit to handcuffs. See [D.E. 44] ¶¶ 5–6, 20; cf. DSMF ¶¶ 12–14; PSMF [D.E. 43-1] ¶ 1. A use of force incident ensued. Compare [D.E. 44] ¶¶ 7–12, with DSMF ¶¶ 29–37. The parties disagree whether officers assaulted Hay while Hay was restrained and whether Hay was resisting. Compare [D.E. 44] ¶¶ 7, 10, 12, 20, with DSMF ¶¶ 19–34. Neither Greenwood nor Cooper used force on Hay. See DSMF ¶ 39; PSMF ¶ 4; [D.E. 44] ¶¶ 1–15. Hay, however, alleges that Greenwood approached his cell with the PERT team and that he "notified Greenwood the PERT officers threatened me and I was scared." [D.E. 44] ¶ 5; cf. DSMF ¶¶ 12–14. Hay also contends that Cooper "observed them beating me walking back and forth but did not intervene[,]" while Cooper contends that he was not in the "immediate vicinity when the use of force incident occurred[]" because he "was stationed within the Medical Unit." Compare [D.E. 44] ¶ 14 and PSMF ¶ 4, with DSMF ¶ 39. Prison officials

2

transported Hay to an outside hospital for evaluation, but the parties disagree about the extent of Hay's injuries. Compare [D.E. 44] ¶¶ 18–19, with DSMF ¶¶ 35, 38, 42. The record does not include any medical records.

II.

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Harris, 550 U.S. at 378.

A genuine issue of material fact exists if there is sufficient evidence for a jury to return a verdict favoring the nonmoving party. See Anderson, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position [is] insufficient . . . ." Id. at 252; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one

3

inference upon another."). Only factual disputes that affect the outcome under substantive law properly preclude summary judgment. See Anderson, 477 U.S. at 248.

Hay contends that "camera footage clearly shows . . . Cooper . . . on [the] hallway as the use of force incident against the plaintiff took place[.]" PSMF ¶ 4; see [D.E. 43-2]. Video evidence can affect the summary judgment standard. See Scott, 550 U.S. at 378; Alexander v. Connor, 105 F.4th 174, 179 (4th Cir. 2024); Lewis v. Caraballo, 98 F.4th 521, 529 (4th Cir. 2024); Harris v. Pittman, 927 F.3d 266, 276 (4th Cir. 2019); Brooks v. Johnson, 924 F.3d 104, 115 (4th Cir. 2019); cf. Gowen v. Winfield, 130 F.4th 162, 175 (4th Cir. 2025). The parties did not file any video exhibit, and the court accepts as true Hay's sworn allegation that Cooper "observed them beating me walking back and forth but did not intervene." [D.E. 44] ¶ 14. Thus, the court concludes that video footage does not affect the court's analysis.

"[A]n officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall v. Prince George's Cnty., Md., 302 F.3d 188, 204 (4th Cir. 2002) (footnote omitted); see Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 417 (4th Cir. 2014); Whitten v. Gunter, 757 F. App'x 235, 236–37 (4th Cir. 2018) (per curiam) (unpublished); cf. Thompson v. Commonwealth of Va., 878 F.3d 89, 107 n.5 (4th Cir. 2017). "Notably, the level of specific knowledge [required] of a bystander is high." Myers v. Taylor, No. 1:14-CV-156, 2015 WL 8056128, at *8 (N.D. W. Va. Dec. 4, 2015) (unpublished).

Viewing the record in the light most favorable to Hay, Hay's conclusory allegations do not establish a genuine issue of material fact concerning whether Greenwood or Cooper disregarded a known violation of Hay's Eighth Amendment rights or had a reasonable opportunity to prevent

4

that violation. See, e.g., Johnson v. Robinette, 105 F.4th 99, 124 (4th Cir. 2024); Randall, 302 F.3d at 205; Murray v. Lilly, 426 F. Supp. 3d 245, 256 (S.D. W. Va. 2019); Banner v. Tisdale, No. 6:21-CV-3456, 2023 WL 4163515, at *11 (D.S.C. Apr. 13, 2023) (unpublished), report and recommendation adopted, 2023 WL 4160666 (D.S.C. June 23, 2023) (unpublished), aff'd, No. 23-6709, 2024 WL 2362302 (4th Cir. May 23, 2024) (per curiam) (unpublished), cert. denied sub nom. Banner v. Stephan, 145 S. Ct. 318 (2024); Haynes v. City of Durham, N.C., No. 1:12-CV-1090, 2016 WL 469608, at *4 (M.D.N.C. Feb. 5, 2016) (unpublished); Myers, 2015 WL 8056128, at *8.

Alternatively, it is undisputed that Greenwood was not present for the PERT officers' use of force. See [D.E. 44] ¶¶ 4–15; PSMF ¶ 4 (only mentioning four PERT officers, not Greenwood); DSMF ¶¶ 15–17, 25–26. Accordingly, bystander liability cannot attach to Greenwood. See Johnson, 105 F.4th at 124; Randall, 302 F.3d at 205; Lilly, 426 F. Supp. 3d at 256; Whitten, 757 F. App'x at 236–37; Banner, 2023 WL 4163515, at *11; Myers, 2015 WL 8056128, at *8.

As for Cooper, Hay merely contends that Cooper intermittently saw PERT officers using force against Hay while walking up and down a hallway. See [D.E. 44] ¶¶ 13–14; PSMF ¶ 4. In the Eighth Amendment context, bystander liability requires specific knowledge that excessive force is afoot, not just any use of force. See Lilly, 426 F. Supp. 3d at 256; Whitten, 757 F. App'x at 236; Myers, 2015 WL 8056128, at *8. Hay fails to put forth facts that would allow a reasonable jury to conclude that Cooper knew that the PERT officers were using excessive force. See Johnson, 105 F.4th at 124; Randall, 302 F.3d at 205; Lilly, 426 F. Supp. 3d at 256; Whitten, 757 F. App'x at 236; Banner, 2023 WL 4163515, at *11; Myers, 2015 WL 8056128, at *8. Thus, the court grants defendants' motion for summary judgment.

III.

In sum, the court GRANTS the remaining defendants' motion for summary judgment [D.E. 38], and DISMISSES WITH PREJUDICE plaintiff's remaining claims. The clerk SHALL close the case.

SO ORDERED. This 19 day of May, 2025.

JAMES C. DEVER III
United States District Judge